## TAYLOR v. McLENNAN COUNTY et al.
### No. 2097.

Court of Civil Appeals of Texas. Waco.
Sept. 22, 1938.

Sam Darden, Joe Taylor, and Bryan & Maxwell, all of Waco, for appellant.

Wm. McCraw, Atty. Gen., W. B. Pope, Asst. Atty. Gen., and Frank Wilson and Naman, Howell & Boswell, all of Waco, for appellees.

FITZPATRICK, Special Chief Justice.

The appellant, Mrs. J. W. Taylor, a widow, as plaintiff in the court below, brought this suit against the appellees, Mc-Lennan County, one of the political subdivisions of the State of Texas, and the State of Texas, as defendants, for damages to ap- proximately 120 acres of land adjacent to the southern part of the City of Waco al- leged to have been caused from the taking and damaging of real property by reason of the construction of a State highway in McLennan County. It was specifically al- leged that the appellees caused to be con- structed a borrow ditch along the south line of said highway and immediately north of appellant's property, and that as a proxi- mate result of said act the waters of the Brazos River that normally flowed within the banks thereof were diverted and caused to flow out of said river when the same was on a rise and into said borrow ditch and travel in a westerly direction to a point where a depression intersected the same, and thence in a southerly direction along the meanders of said depression onto and across appellant's farm; that in May, 1935, and during the year 1936, there occurred substantial rises of the waters of the Bra- zos river which traveled at a rapid rate of speed onto and across appellant's farm, washed the top soil therefrom, destroying crops thereon, depositing mud, sand, trash, sticks, filth and logs on a portion thereof, causing permanent injury and damage. Proper averments were made as to the time- ly filing and presentation of claim for dam- ages to the appellee, McLennan County, and refusal thereof, and that the prosecu- tion of this suit was authorized by resolu- tion of the Legislature of the State of Texas, as is by law in such cases made and provided. The trial court sustained the general demurrer of the appellee, McLen- nan County. There was a trial before a jury as between the appellant and the ap- pellee, State of Texas, resulting in a ver- dict and judgment in favor of the appellee that appellant take nothing by her suit.

The case was submitted on eighteen spe- cial issues, and in response thereto the jury found that the appellee, State of Texas, did not divert the natural flow of a part of the waters of the Brazos river; that the diver- sion of waters in May, 1935, was not caus- ed by the construction of the south borrow ditch; that the market value of said lands was not reduced by the construction of said south borrow ditch; that the appellee, State of Texas, did not cut the south borrow ditch through the banks of the Brazos river; that appellant's property would have been overflowed in May, 1935, even though the south borrow ditch had not been construct- ed; that the flood of 1935 was an act of God, which was the sole, proximate cause

of the injury and damage to appellant's land; that the waters that went on appellant's land in 1935 were from sources other than the south borrow ditch and that appellant's land had the same value after the floods in question as it had before.

The appellant presents fifty-eight assignments with appropriate propositions in which it is urged: (1) That the answers of the jury to the eighteen special issues are (a) contrary to the undisputed evidence, and, if not, then (b) contrary to the overwhelming preponderance of the evidence; (2) that the court erred in admitting in evidence (a) certain copies of records of the Board of Water Engineers of the State of Texas containing hearsay statements; (b) certain exhibits in the form of contour maps and plats which were prepared by the Highway Department and which contained facts that were derived from the hearsay statements contained in the records of the Board of Water Engineers of the State of Texas; (c) parol evidence based on such exhibits; and (3) that the court erred in sustaining the demurrer of the appellee, McLennan County.

Appellant predicates her cause of action upon Article 1, Section 17 of the Constitution of the State of Texas, Vernon's Ann.St. Const. art. 1, § 17, which provides, "no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person", and that the acts of the appellee in constructing the borrow ditch along the south side of the state highway constituted a violation of this constitutional provision and of appellant's rights thereunder, and to which the appellant did not consent.

It was shown without dispute that the principal portion of appellant's land during the year 1913 was flooded with back waters from the Brazos river that came through by way of Waco creek; that this back water came on gradually and receded gradually without washing or damaging the land; that it left silt thereon which was beneficial thereto; that subsequent to 1913 the City of Waco had, by the erection of a levee south of Waco creek, eliminated this condition; that the borrow ditch complained of did not exist prior to the construction thereof by appellee in November, 1932. Many witnesses testified as to the flood waters from the Brazos river coming up the south borrow ditch constructed by appellee during the floods of 1935 and 1936 and traveling at a rapid rate of speed onto and across appellant's farm and as to the damaged condition of appellant's farm resulting therefrom. Numerous photographs were introduced tending to show these conditions.

The appellee offered in evidence Exhibits 40 and 41 showing the flood stages of the Brazos river from May 27, 1884 down to and including October 27, 1936. Each of these exhibits was certified to by the Secretary of the State Board of Water Engineers of the State of Texas under the seal of that department. The certificate discloses that the data contained therein was "collected and prepared in cooperation with the United States Department of Interior, Geological Survey." There is nowhere attached to either of these exhibits a certificate and the seal from the United States Department of Interior, Geological Survey. Exhibit No. 40 discloses that the flood height records therein contained from 1884 to 1897 were obtained from the proprietors of Crow Brothers Laundry. The appellant objected to the introduction of each of these exhibits on the ground that the same was hearsay, and for the further reason that the appellant had had no opportunity to cross examine the party purporting to make the certificates, and for the additional reason that there was no showing that the party making the certificates made the readings, and for the further reason that neither of said exhibits bore the seal and authentication of an officer of the U. S. Department of Interior or the U. S. Geological Survey as required by Article 661, Title 28 of the U. S. Code Annotated. This objection was by the court overruled, to which the appellant assigns error. This assignment is sustained.

Article 661, Title 28, U. S. Code Annotated, provides "copies of any books, records, papers, or documents in any of the executive departments authenticated under the seals of such departments, respectively, shall be admitted in evidence equally with the originals thereof." It appears from the documents designated as Exhibits 40 and 41 and introduced in evidence over the objection of appellant, that the data came from the U. S. Geological Survey Records, except gauge height records which were from the United States Weather Bureau of March 1908 to October 23, 1915, and May 6, 1922 and February 13, 1925. The Geological Survey is a department of the Interior Department (43 U.

S.C.A. § 31). Since these documents were not "authenticated under the seals of such departments" under the statute above quoted, the same were improperly received in evidence.

■ It further appears from Exhibit 40 that the flood height records from 1884 to 1897 were obtained from the proprietors of Crow Brothers Laundry of Waco, Texas. Certainly this information was known to have come to the U. S. Department of Interior, Geological Survey, only through hearsay and by that department passed on to the Board of Water Engineers of the State of Texas and was inadmissible for any purpose, and objections thereto on the ground that the same was hearsay should have been sustained. 22 C.J. p. 199, §§ 166, 167.

■ The appellee offered in evidence Exhibits Nos. 42, 43, 44, 45, 46 and 47, the same being diagrams, maps and plats showing the gauge readings of the Brazos river of 26 feet and above for the period from May 17, 1884 to September 27, 1936 at the Washington Avenue bridge, the same having been compiled from the hearsay and unauthenticated data contained in Exhibits 40 and 41, exclusively. Timely objection was made to each of these exhibits on the ground that the flood data superimposed thereon was taken from a document which was not permitted or authorized by law to be filed or recorded in the office of the Board of Water Engineers of the State of Texas; that the same was superimposed thereon from a document purportedly prepared by agencies of the United States, which did not bear the authenticating seal of either of said agencies, and for the further reason that the same was hearsay, which objections were by the court overruled and to which the appellant assigns error. It is immaterial whether the document, from which the data in question was taken, was permitted or authorized by law to be filed or recorded in the office of the Board of Water Engineers of the State of Texas. Article 7569, Revised Civil Statutes of 1925, under authority of which the certified copy was admitted in evidence, provides that such copies "shall be admissible in evidence in any court, in the same manner and with like effect that the original would be entitled to." There is nothing in this Article changing the general rules as to hearsay evidence and unauthenticated documents. In other words, had the appellee offered the original instrument in evidence without a certificate from the Geological Survey of the Interior Department of the United States Government, it would have been inadmissible; likewise the flood height records therein contained from 1884 to 1897, which were obtained from the proprietors of Crow Brothers Laundry, were also inadmissible. These assignments are therefore sustained. 22 C.J. p. 199, §§ 166, 167, p. 214, § 174; Traders & General Ins. Co. v. Rhodabarger, Tex.Civ.App., 93 S.W.2d 1180, 1184; Article 7569, Revised Civil Statutes, 1925.

■ The appellee was permitted to prove by the witness, Pipkin, from the documents introduced and from the records prepared by him therefrom, that the water from the flood of 1884 got about $4\frac{1}{2}$ feet deep on the deepest place on the Taylor farm; that the flood of May 25, 1908 got $9\frac{1}{2}$ feet in depth at the deepest place on the Taylor farm, and that the flood of 1913 got $12\frac{1}{2}$ feet deep at the deepest place on the Taylor farm, to which testimony the appellant objected on the ground it appeared that said testimony of said witness was based on flood data taken from a document which was not permitted or authorized by law to be filed or recorded in the office of the Board of Water Engineers of the State of Texas and which was taken from a document purportedly prepared by agencies of the United States, which did not bear the authenticating seal of either of said agencies and was hearsay. This objection was by the court overruled, to which the appellant assigns error. This assignment is sustained.

■ The general rule seems to be that a witness can not testify to facts where his knowledge thereof is derived from the unsworn statements of others. Gulf, Colorado & Santa Fe Ry. Co. v. Jackson & Edwards, 99 Tex. 343, 89 S.W. 968.

■ All of this evidence being material to the vital issues in this case, the admission thereof can not be said to have been harmless.

■ The trial court sustained a general demurrer as to the appellee, McLennan County, to which action appellant assigns error. It appears from appellant's pleadings that the highway in controversy was a state highway, a part of a state highway system, and that the damage complained of resulted from the construction of such state highway. Since a county is not liable for damages resulting from the

construction of a state highway, appellant's petition on its face negatived and relieved McLennan County from liability for resulting damage. Therefore, the trial court did not err in sustaining the general demurrer of the appellee, McLennan County. *Wilbarger County v. Hall*, Tex.Com.App., 55 S.W.2d 797; *Iverson v. Dallas County*, Tex.Civ.App., 110 S.W.2d 255.

In view of the fact that this cause is to be remanded, the remaining propositions raising question as to the verdict of the jury being contrary to the undisputed evidence and against the overwhelming preponderance of the evidence will not be discussed.

Accordingly, the judgment of the trial court sustaining the demurrer of the appellee, McLennan County, against the appellant will be affirmed, and the judgment of the trial court against the appellant and in favor of the appellee, State of Texas, is reversed and the cause remanded for a new trial.