**PRESIDIO BRIDGE COMPANY, Appellant,**

v.

**PRESIDIO COUNTY, Texas, Appellee.**

**No. 08–86–00207–CV.**

Court of Appeals of Texas, El Paso.

Feb. 11, 1987.

Ray Pearson, Pearson, Warach & Wales, El Paso, Ron Shortes, Austin, for appellant.

Schuyler B. Marshall, Jeffrey S. Alley, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and FULLER, JJ.

## OPINION

FULLER, Justice.

Appellant appeals from the granting by the trial court of Appellee's motion for summary judgment. We affirm the judgment of the trial court.

Point of Error No. One complains that the trial court erred in granting summary judgment in favor of Appellee because genuine issues of material fact existed.

Since 1926, Appellant, Presidio Bridge Company, owned and operated a private toll bridge spanning the Rio Grande River in Presidio County. Appellant had obtained authority for such bridge as a result of an act of Congress in 1926, ch. 50, 44 Stat. 202. The act of Congress reserved the right "to alter, amend or repeal" the grant. In 1973, Appellee, Presidio County, applied for and, in 1976, received a permit from the United States Government to build a new bridge connecting the towns of Presidio, Texas, with Ojinaga, Mexico. Appellant sued the United States Government in federal court contesting the issuance and validity of the permit to Presidio County. Appellee was not made a party to that lawsuit, which resulted in a dismissal. *Presidio Bridge Company v. Secretary of State,* 486 F.Supp. 288 (W.D.Tex.1978), aff'd, 612 F.2d 578 (5th Cir.1980), cert. denied, 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980).

Appellee experienced difficulty in getting financing for the bridge construction which resulted in Appellee seeking federal help. The federal government required that the State of Texas take over the project, and in 1982, the permit to build a bridge was amended naming the State of Texas as permitee. The Texas Department of Highways and Public Transportation acquired the right-of-way necessary to link U.S. Highway 67 to the proposed new bridge; the Republic of Mexico and the Texas Department of Highways and Public Transportation were responsible for the plans and awarding of the contracts for the

new bridge. Presidio County (Appellee) did not appropriate any land for the project or aid in the construction of the bridge. Appellee did declare the right-of-way acquired by the State a public road, which it was authorized to do under Tex.Rev.Civ.Stat. Ann. art. 1475 (Vernon 1980). Certainly the act of Appellee in designating the right-of-way that had been acquired by the State is not actionable since it was within its statutory authority. *City of Wichita Falls v. Real Estate Trust,* 135 S.W.2d 736 (Tex. Civ.App.—Fort Worth 1939, writ dism'd judgmt cor.); *Taylor v. McLennan County,* 120 S.W.2d 134 (Tex.Civ.App.—Waco 1938, no writ). Appellant did not have an exclusive franchise in the owning and operating of an international bridge, and ordinarily there can be no taking when the government enters into competition with an existing business. *Alford v. City of Denton,* 546 S.W.2d 672 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.); *Brown v. Town of Corinth,* 515 S.W.2d 722 (Tex.Civ. App.—Fort Worth 1974, no writ).

Appellee was therefore entitled to judgment as a matter of law and summary judgment for Appellee was properly granted. Appellant's Point of Error No. One is overruled.

Point of Error No. Two contends that the trial court erred in holding that Appellant needed legislative permission to sue Appellee. Appellant's brief of this point of error acknowledges that its claim against Appellee is not on contract or tort, but an inverse condemnation claim based on constitutional grounds. Article I, sec. 17 of the Texas Constitution provides that "no person's property shall be taken, damaged or destroyed or applied to public use without adequate compensation being made...." Appellant's pleadings state a claim under our state constitution and federal constitution, and as such operate as a waiver of sovereign immunity and legislative permission is not required. *Steele v. City of Houston,* 603 S.W.2d 786 (Tex. 1980). Point of Error No. Two is sustained, but this does not require a reversal of the case because of sufficient other grounds for summary judgment.

Point of Error No. Three complains that the District Court of Travis County erred in transferring and severing Appellant's suit against Appellee to the District Court of Presidio County.

Article 1995, sec. 2(e), Tex.Rev.Civ. Stat.Ann., now Tex.Civ.Prac. & Rem.Code Ann., sec. 15.015 (Vernon 1986), provides that an action against a county shall be brought in that county. Appellee sought relief under that statute by its motion to transfer Appellant's suit against it to the District Court in Presidio County. We find no error in the District Court of Travis County granting such relief and severing Appellant's claim against Appellee. *Hodges v. Coke County*, 197 S.W.2d 886 (Tex. Civ.App.—Amarillo 1946).

In opposition to Appellee's motion filed in the District Court of Travis County, Appellant contended it could not receive a fair and impartial trial in Presidio County and attached two affidavits to that effect. We find that such claim could only be urged in the District Court of Presidio County. In addition, Appellant failed to comply with Rule 257, Tex.R.Civ.P., which requires the affidavit of three credible persons of the county where suit is pending. Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.