**PRESIDIO BRIDGE COMPANY, Appellant,**

v.

**TEXAS DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellee.**

No. 3–88–129–CV.

Court of Appeals of Texas, Austin.

May 3, 1989.

1980 to 1987, which employed 44 people; and prosecuting two lawsuits and defending five others in Texas courts.

James E. Maggard, Jr., Beaumont, for appellant.

Jim Mattox, Atty. Gen. and Delmar L. Cain, Asst. Atty. Gen., Austin, for appellees.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant Presidio Bridge Company seeks to set aside a take-nothing summary judgment rendered by the district court of Travis County.

Acting under a federal permit, appellee Texas Department of Highways and Public Transportation (Highway Department) let a contract to build approximately half of a bridge which connects Presidio, Texas with Ojinaga, Mexico. The Mexican government built the other half. Appellant (the Company) filed suit claiming that the Highway Department's actions violated the Company's statutory and constitutional rights. The district court rendered summary judgment that appellant take nothing. This Court will affirm the judgment.

The federal government first became involved with the Presidio–Ojinaga crossing in 1926, when Congress passed an Act allowing P.D. Anderson and H.E. Dupuy to build and operate an international bridge. Under this statute and their agreement with Mexico, Anderson and Dupuy built a bridge the following year. They then assigned their assets to the Presidio Bridge Company which operated the bridge until it was closed when the new bridge opened in 1985.

Serious discussions about a new bridge began in the early 1970's. Many patrons thought that the old bridge was inadequate because of its age, high toll, and other factors. The Company obtained a permit from the federal government to rebuild the old bridge. Presidio County, however, applied with the United States Secretary of State for a permit to build a new bridge. Because they preferred to deal with local government rather than a private corporation, the Mexican officials did not agree to rework the old bridge, but instead waited to see if Presidio County would obtain a new bridge permit. Realizing that Mexico planned to operate only one bridge, the Company contested the county's permit application. *Presidio Bridge Company v. Secretary of State*, 486 F.Supp. 288 (W.D. Tex.1978), aff'd, 612 F.2d 578 (5th Cir. 1980), *cert. denied*, at 449 U.S. 837, 101 S.Ct. 112, 66 L.Ed.2d 44 (1980). When its attack on the permit failed, the Company filed an unsuccessful suit against the county. *Presidio Bridge Company v. Presidio County*, 726 S.W.2d 212 (Tex.App.1987, no writ).

Although Presidio County eventually received the permit, it was unable to obtain financing to build the new bridge. Because of the county's lack of funds, the Secretary of State amended the permit to name the State of Texas as the permittee. The Highway Department was the state agency responsible for building the new bridge. Although the Highway Department was involved in planning and inspecting the project, it took bids from private companies to do the actual construction. Even though the Company had not submitted a bid, it attempted to block the department's award of the bid. Nevertheless, on August 29, 1984, the Highway Department awarded the bid. On September 6, 1985, the construction was complete, and on April 15, 1986, the new bridge was opened to traffic. The Mexican government moved its customs facilities from the old bridge to the new one. Unwilling to operate two customs stations, the Mexican government refused to permit traffic on the old bridge.

The Company then filed suit alleging: (1) the construction bidding procedure violated its due process rights; (2) the location of the new bridge violates Tex.Rev.Civ.Stat.

Ann. art. 1475 (1980), because it is within three miles of the old bridge; and (3) under the inverse condemnation doctrine, the State's actions constitute a taking within the Fifth Amendment.

As grounds for summary judgment, the Highway Department asserted, among other things, that the controversy was moot and that the Company was estopped from asserting either a violation of art. 1475 or an unconstitutional taking.

■ The Company's first claim for relief fails, because any controversy regarding the bidding process is moot. The construction is complete; the bridge is open. Because no subject matter remains for this Court to act upon, the claim is moot. *Texas Parks and Wildlife Department v. Texas Association of Bass Clubs*, 622 S.W.2d 594, 596 (Tex.App.1981, writ ref'd n.r.e.). Texas courts will not decide a moot issue. *See State v. Society for Friendless Children*, 130 Tex. 533, 111 S.W.2d 1075 (1938).

■ The other two issues, violation of art. 1475 and an unconstitutional taking, have been previously decided.[1] These two issues were raised in the Company's earlier suit against Presidio County. The 83rd District Court granted summary judgment that the Company take nothing. The Court of Appeals affirmed that judgment stating:

> Certainly the act of Appellee in designating the right-of-way [under art. 1475] that had been acquired by the State is not actionable since it was within its statutory authority. [Also, appellant] did not have an exclusive franchise in the owning and operating of an international bridge, and ordinarily there can be no taking when the government enters into competition with an existing business.
>
> Appellee was therefore entitled to judgment as a matter of law and summary judgment for Appellee was properly granted.

---

1. In fact, the taking claim has been decided twice. *See Presidio Bridge Company v. Secretary of State*, 486 F.Supp. at 298, n. 6.

2. However, some commentators have serious concerns regarding the fairness of nonmutual offensive collateral estoppel. *See* Ratliff, *Offen-*

*Presidio Bridge Company v. Presidio County*, 726 S.W.2d at 213 (citations omitted). Appellant company is barred from relitigating these issues.

Curiously, appellant argues that it is not bound by its previous failure to prevail, because the State was not a party to that suit. The proposition that both parties must be bound or neither is bound is known as mutuality. Texas law no longer requires mutuality. *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361, 363 (Tex.1971); *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 198–199 (Tex. Civ.App.1978, writ ref'd n.r.e.); *Hardy v. Fleming*, 553 S.W.2d 790, 792 (Tex.Civ. App.1977, writ ref'd n.r.e.). In fact, the Court in *Benson* cited *Bernhard v. Bank of America National Trust and Savings Ass'n*, 19 Cal.2d 807, 122 P.2d 892 (1942); *Bernhard* is *the* seminal American authority disposing of the mutuality requirement.[2] Under Texas law, the Company has had its day in court.

The district court's judgment is affirmed.

*sive Collateral Estoppel and the Option Effect*, 67 Tex.L.Rev. 63 (1988). To the extent that offensive and defensive uses are severable, we are not concerned here with such fairness issues because the instant case involves a defensive use.