**The JOHN G. AND MARIE STELLA KENEDY MEMORIAL FOUNDATION, Appellant,**

v.

**Garry MAURO, Commissioner of the General Land Office, and the State of Texas, Appellees.**

No. 13–93–620–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 2, 1995.

Rehearing Overruled April 25, 1996.

Marc O. Knisely, Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, Thomas J. Forestier, McGinnis, Lochridge & Kilgore, Houston, Richard J. Hatch, Sr., Hatch & Hatch P.C., Corpus Christi, for Appellant.

Mary A. Keeney, Rande K. Herrell, James M. Phillips, Assistant Attorneys General, Energy Division, Dan Morales, Attorney General, Will Pryor, Jorge Vega, First Assistant Attorneys General, Austin, for Appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and AKIN,[1] JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

The John G. and Marie Stella Kenedy Memorial Foundation (the Foundation) appeals the trial court's dismissal of its state constitutional claims against appellees, Gary Mauro, Commissioner of the General Land Office, and the State of Texas. By two points of error, the Foundation complains that the trial court erred in sustaining appellees' plea to the jurisdiction and special exceptions based on the assertion of sovereign immunity.

By one cross-point, appellees complain that the trial court erred by denying their motion to transfer venue. The Foundation has conceded the cross-point and has agreed that the case be transferred to Travis County. Without addressing the venue issue, we sustain appellees' cross-point and review only the merits of the Foundation's two points of error.

---

1. Justice Ted M. Akin, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't Code Ann. § 74.003 (Vernon 1988).

In January 1990, the Foundation filed suit against the State of Texas and Gary Mauro in his capacity as Commissioner of the General Land Office. The Foundation's claims against Mauro were brought under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and state common law. The Foundation also asserted a takings claim against the State of Texas under Article I, section 17 of the Texas Constitution. Suit was filed in the 105th District Court of Kenedy County. The Foundation sought a declaratory judgment to determine boundary and title to approximately 35,000 acres of property bordering the Laguna Madre. The Foundation also asked the trial court to enjoin Mauro from granting mineral leases on a portion of the disputed land for the State's benefit.

The Foundation specifically contended that Mauro, acting under color of state law, refused to recognize the proper location of the boundary between the Foundation's property and State-owned land in Kenedy County. The property at issue is part of the original Spanish and Mexican land grants *La Barreta* and *Las Motas de la Barreta* and is sometimes covered by the body of water known as the Laguna Madre. The Foundation argued that, although title to portions of the disputed land had been effectively adjudicated to the State in *Humble Oil & Refining Co. v. Sun Oil Co.,* 190 F.2d 191 (5th Cir.1951), *cert. denied,* 342 U.S. 920, 72 S.Ct. 367, 96 L.Ed. 687 (1952), there had since been a change in both the physical characteristics of the disputed land and in state law interpreting its physical boundaries by virtue of the Texas Supreme Court's holding in *Luttes v. State,* 159 Tex. 500, 324 S.W.2d 167 (1959). Hence, according to the Foundation, an application of *Luttes* would establish that the State's claim to the disputed land was no longer valid. Although the Foundation conceded that Mauro had the statutory authority to determine the boundary between private property and State-owned submerged land,

Mauro's refusal to recognize *Luttes* as controlling, while continuing to grant mineral leases on a portion of the disputed property for the State's benefit, amounted to a deprivation of the Foundation's real property without due process of law.

The Foundation further contended that the State had taken, damaged or applied to public use all of the mineral and surface estates or a portion thereof within the disputed land in violation of Article I, section 17 of the Texas Constitution, thereby depriving the Foundation of its use and benefit of the property. The Foundation contended that the State wrongfully had received bonuses, delay rentals, and other payments as a result of its leasing, in whole or in part, of certain submerged tracts identified on official state maps as "state lease tracts." The Foundation requested an accounting of any and all payments received by the State through such leases and, in the alternative, requested the diminution in market value of the property caused by the State's taking or damaging.

In February 1990, appellees removed the case to the United States District Court for the Southern District of Texas on the basis of federal question jurisdiction. Appellees moved for summary judgment on several grounds, including that the Foundation's claims were barred by sovereign immunity and the Eleventh Amendment to the United States Constitution. The Foundation also moved for partial summary judgment.[2] The Foundation then amended its complaint to include an inverse condemnation claim against the State of Texas under the Fifth Amendment to the U.S. Constitution.

After hearing argument on the parties' cross-motions for summary judgment, the federal district court dismissed the Foundation's federal claims against both Mauro and the State for lack of subject matter jurisdiction and remanded the state law claims to

---

2. The Foundation's motion for partial summary judgment sought a judgment declaring that the disputed land was not "submerged" land owned by the State but rather land which belonged to the Foundation as part of its upland property.

The district court denied the motion, but the Fifth Circuit held that the district court had erred in denying the motion after finding that it lacked subject matter jurisdiction. The Fifth Cir-

the Kenedy County District Court.[3] On May 27, 1994, the United States Court of Appeals for the Fifth Circuit affirmed the U.S. District Court's dismissal of the Foundation's federal claims asserted under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments, holding that both claims were barred by the Eleventh Amendment. *See The John G. and Marie Stella Kenedy Memorial Foundation v. Mauro,* 21 F.3d 667 (5th Cir. 1994).

In February 1993, after the case was remanded to the Kenedy County District Court, appellees attempted to transfer venue to Travis County under the mandatory venue provisions of § 33.172 of the Natural Resources Code.[4] The trial court denied appellees' request for a change of venue. *See Mauro v. Bañales,* 858 S.W.2d 651 (Tex. App.—Corpus Christi 1993, orig. proceeding) (mandamus relief denied). In March 1993, the Foundation amended its complaint to include 1) a due course of law claim against Mauro under Article I, section 19 of the Texas Constitution and 2) a takings claim against the State of Texas under Article I, section 19 and the Fifth Amendment to the U.S. Constitution.

In May 1993, appellees filed a first amended answer, a plea to the jurisdiction, and special exceptions. Appellees asserted that the Foundation had failed to obtain legislative consent to sue either the State or Mauro (in his official capacity), that the Foundation's claims were barred by sovereign immunity, and that the case should be dismissed for want of jurisdiction. Appellees also asserted the affirmative defenses of *res judicata,* collateral estoppel, *stare decisis,* and limitations.

By their special exceptions, appellees contended that the State was immune from liability for attorney's fees and monetary damages, citing *Perry v. Texas A & I Univ.,* 737 S.W.2d 106 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). On July 22, 1993, after hearing argument, the trial court sustained appellees' plea to the jurisdiction and special exceptions and dismissed the suit for want of jurisdiction. The trial court found no need to replead and later denied the Foundation's motion for reconsideration, motion for new trial, and motion to vacate, modify, correct or reform the order.

On appeal, the Foundation argues 1) that its claims against Mauro are based on due course of law principles under the Texas Constitution and the supreme court decision in *State v. Lain,* 162 Tex. 549, 349 S.W.2d 579, 581 (1961), and 2) that its claims against the State are based on inverse condemnation principles and the just compensation and due course of law provisions under the Texas Constitution. The Foundation contends that legislative consent to sue is not a prerequisite to the assertion of its state constitutional claims against the State and Mauro, relying on *State v. Lain* and *Steele v. City of Houston,* 603 S.W.2d 786, 791 (Tex.1980). Nor, the Foundation contends, are its claims barred by sovereign immunity.

Appellees contend that, under the doctrine of sovereign immunity, the Foundation is bound to file suit in statutory compliance "on which consent is based," otherwise it risks dismissal of its suit. Appellees argue that since the Foundation did not obtain legislative consent to sue, its causes of action are barred by sovereign immunity. Appellees also argue that since the Foundation's claims against Mauro are effectively claims against the State and that title to the disputed land belongs to the State, suit is barred by sovereign immunity and *State v. Lain* is not controlling. On the other hand, the Foundation argues that it sued Mauro in his official capacity and that by alleging acts performed within the scope of his authority, the Founda-

---

cuit declared the order void and ordered it vacated.

**3.** Initially, the federal district court dismissed the entire suit for lack of subject matter jurisdiction, reasoning that the Foundation's state law claim and § 1983 claim against Mauro were barred by the Eleventh Amendment. The federal district court also determined that the Foundation's state and federal takings claim against the State were barred by the Eleventh Amendment. Later, the federal district court modified its order. It only dismissed the Foundation's federal claims against Mauro and the State and remanded the state law claims to the state district court.

**4.** TEX.NAT.RES.CODE ANN. § 33.172 (Vernon 1978).

tion's claims against Mauro fall within the purview of the *State v. Lain* principle. We agree with the Foundation.

If the Foundation has superior title and right of possession of the property, legislative consent to sue the State is not a prerequisite to the maintenance of the Foundation's suit. In addition, the institution of a suit against Mauro in his official capacity does not bar prosecution of the Foundation's claims. In *State v. Lain,* the supreme court stated:

> One who takes possession of another's land without legal right is no less a trespasser because he is a state official or employee, and the owner should not be required to obtain legislative consent to institute suit to oust him simply because he asserts a good faith but overzealous claim that title or right of possession is in the state and that he is acting for and on behalf of the state.

*State v. Lain,* 349 S.W.2d 579, 581 (Tex. 1961).

The Foundation's takings claim against the State is made under constitutional authority. It is not grounded on tort or nuisance. The supreme court has held that "[t]he Constitution itself is the authorization for compensation for the destruction of property and is a waiver of governmental immunity for the taking, damaging or destruction of property for public use." *Steele v. City of Houston,* 603 S.W.2d at 791; *see Westgate, Ltd. v. State,* 843 S.W.2d 448, 452 (Tex.1992); *State v. Biggar,* 848 S.W.2d 291, 295 (Tex. App.—Austin 1993), *aff'd* 873 S.W.2d 11 (Tex. 1994); *Presidio Bridge Co. v. Presidio County,* 726 S.W.2d 212, 213 (Tex.App.—El Paso 1987, no writ); TEX. CONST. art. I, § 17.[5] Governmental immunity offers no shield against a taking claim brought under Article I, section 17 of the Texas Constitution. *See Steele,* 603 S.W.2d at 791. Moreover, legislative consent to sue is not a prerequisite to the institution of a suit against the State where the relief requested is for the wrongful taking of property without just compensation.

Where an official of the State is the only remaining defendant along with the State, as in the present case, the trial court has the duty to hear evidence on the issue of title and right of possession and to delay action on a plea to the jurisdiction until the evidence is in. *State v. Lain,* 349 S.W.2d at 582. Since title and right of possession were at issue before a Travis County District Court, we hold that the trial court should have delayed action on the plea to the jurisdiction until the Travis County District Court determined which party had superior title and the right of possession. Accordingly, since the trial court erred by dismissing this case for want of jurisdiction, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion. However, having sustained appellees' cross-point, we order the trial court to transfer this case to Travis County for any further proceedings.

---

5. Article I, § 17 of the Texas Constitution states, in relevant part, as follows:
No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person. . . .
TEX. CONST. art. I, § 17.