**GENERAL MOTORS CORPORATION, Appellant,**

v.

**Eddie and Patricia Ann Bell WASHINGTON, Appellees.**

No. 8494.

Court of Civil Appeals of Texas, Texarkana.

Nov. 22, 1977.

Corbet F. Bryant, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellant.

Thomas L. Cox, Jr., Dallas, for appellees.

RAY, Justice.

This is a venue case. Appellees (plaintiffs), Eddie and Patricia Ann Bell Washington, brought suit in Denton County against Leon McNatt Motor Company and appellant (defendant), General Motors Corporation (GMC), seeking damages for negligently failing to repair appellees' motor vehicle and for violations of the Texas Deceptive Trade Practices Act, Tex.Bus. & Comm. Code Ann., Sec. 17.46 (Supp. 1976–1977). GMC filed its plea of privilege to be sued in Dallas County. The appellees filed their controverting affidavit asserting that venue was proper in Denton County by virtue of exceptions 4, 9a and 29a, Tex.Rev.Civ.Stat. Ann. art. 1995 (1968) and exception 31, Tex. Rev.Civ.Stat.Ann. art. 1995 (Supp. 1976–1977). The trial court overruled the plea of privilege. Appellant, General Motors Corporation, has perfected its appeal and submits six points of error for our consideration.

This case was originally filed in Dallas County against Leon McNatt Motor Company (McNatt). McNatt filed its plea of privilege and the case was transferred to Denton County where McNatt has its place of business. Thereafter, the appellees (plaintiffs) joined General Motors Corporation as a party defendant and General Motors filed its plea of privilege to be sued in Dallas County. The plea of privilege of General Motors was overruled and this appeal has followed.

The only person to testify was appellee (plaintiff), Eddie Washington. Eddie Washington is a resident of Dallas County.

Appellee Washington contacted Clyde DeLay, an automobile broker in Dallas County, seeking the purchase of a new Oldsmobile Cutlass. DeLay and Washington went to Denton, Texas, where DeLay ordered a car for Washington from McNatt Motor Company. The car was picked up on the 16th of November, 1973. About ten days later appellee's wife started complaining about the transmission. Appellee testified that he drove the car and it "jerked." Appellee called Clyde DeLay and DeLay called McNatt. Washington was told by DeLay to take the car back to McNatt Motor Company in December of 1973. No work was done on the transmission. Later when the car had 11,048 miles on it, in the summer of 1974, the car was taken back to McNatt Motor Company with a request from Washington that the transmission be checked and the motor tuned. The car was approximately six months old and within the twelve months or twelve thousand mile warranty only as to defective or malfunctioning parts repair. The 90 day service adjustment period had expired. Washington testified that after the car had been taken to McNatt for the second time, "It kept doing the same thing." Still later, when the car had over 21,000 miles on it, the transmission malfunctioned and had to be repaired at a cost of $442.00 at a dealership in Dallas.

Appellant states that Subd. 4 of Article 1995, supra, does not support the trial court's ruling since there was no proof of any bona fide claim introduced against co-defendant McNatt, the resident defendant.

■ In order to hold venue under Subd. 4 of Article 1995, supra, the plaintiff has the burden of: (1) proving that one defendant resides in the county of suit; (2) alleging in his petition a joint cause of action against a resident and non-resident defendant, or a cause of action against the resident defend-

ant so intimately connected with the cause of action against the non-resident defendant that the two may be joined together under the rule intended to avoid a multiplicity of suits; and, (3) he must plead and prove that he has, in fact, a cause of action against the resident defendant. *H. Molsen & Co., Inc. v. Williamson*, 510 S.W.2d 366 (Tex.Civ.App. Dallas 1974, no writ); 1 McDonald's, Texas Civil Practice, Sec. 4.10.2.

■ A thorough examination of Appellee Washington's testimony does not reveal that the malfunction in the transmission at 21,000 was from the same or a related cause connected with the "jerking" at 11,000. We have concluded that appellee has failed to establish by competent testimony that the repairs necessitated at 21,000 miles were the result of some negligence on the part of McNatt in failing to find and repair a defective part in the transmission before the warranty expired. Mileage on the car in excess of 21,000 miles is too remote to infer that the complaint at 11,000 miles was the same problem at 21,000 miles in absence of proof connecting the complaint with the subsequent malfunction and repair. To hold otherwise would lead to unwarranted speculation. There was no proof that the automobile had a defective or malfunctioning part prior to the expiration of 12,000 miles or that McNatt had failed to properly inspect the car during the warranty period. Appellant's first point of error is sustained.

Appellant contends that Subd. 9a of Article 1995, supra, is not applicable in this case because appellees did not plead or prove any element of negligence related to GMC.

Appellant's second point of error is sustained. Appellees in their brief do not dispute appellant's second point of error. We have independently examined appellant's point of error number two and find that appellees have failed to prove the venue facts necessary to establish venue in Denton County because there was no pleading or proof of any negligence on the part of GMC.

■ Appellant's third, fourth and fifth points of error contend that Subd. 29a of Article 1995, supra, is not applicable when one defendant is a resident of the county where the suit is pending. Appellant's third point of error is sustained because Subd. 29a applies only when no defendant resides in the county where suit is brought. *Randall County v. Todd*, 542 S.W.2d 236 (Tex.Civ.App. Amarillo 1976, no writ).

Appellant's fourth and fifth points of error related to Subd. 29a are not reached.

Appellant states in its sixth point of error that Subd. 31 of Article 1995, supra, is not applicable since there was no proof of any of the four alternatives listed under the subdivision. It is appellant's contention that the proof negated all of the four alternatives. Subdivision 31 provides the following:

"Suits for breach of warranty by a manufacturer of consumer goods may be brought in any county where the cause of action or a part thereof accrued, or in any county where such manufacturer may have an agency or representative, or in the county where the principal office of such company may be situated, or in the county where the plaintiff or plaintiffs reside."

Subd. 31, supra, was added as an exception to the general venue statute in 1973. It has been noted by commentators, that in the instance of a manufacturer defendant which is a corporation, this new exception adds nothing except the alternative that suit may be brought in the county of the plaintiff's residence. 1 McDonald's, Texas Civil Practice, Sec. 4.37.1 (1976 Supp.). This is so because Subd. 23, Tex.Rev.Civ.Stat. Ann. art. 1995, always permitted suit to be brought against a corporate defendant in the three instances set forth in the first three alternatives in Subd. 31.

In the instant case, the last two alternatives do not apply since GMC has its principal office in Dallas County and the appellees (plaintiffs) reside in Dallas County.

■ The first alternative, " . . . where the cause of action or a part thereof accrued, . . . " was not established since appellees offered no proof that GMC

violated any of the terms of its warranty in Denton County. Appellees state that "The question for this Court is the negligent action or in this case the inaction of defendant McNatt in attempting to implement appellant's express warranty on appellant's product chargeable to appellant as a breach of appellant's express warranty." Appellees failed to prove by a preponderance of the evidence that their damages were covered by the warranty of GMC.

Appellees insist that GMC has an agent or representative in Denton County. It is contended that "In the limited area of warranty implementation the appellant's relationship with their factory authorized dealers can hardly be classified as an independent contractor relationship." Appellees state further that "If a manufacturer's product is merely sold then sale, standing alone is not sufficient, but an active role above sales, in the case at bar warranty implementation, is sufficient to establish venue in a county other than the residency (sic) of the manufacturer." In appellees' brief it is stated that affirmative acts on the part of a local dealer, when the local dealer is also a defendant, is sufficient to create a venue exception. We have difficulty in determining appellees' contentions in their reply to appellant's sixth point of error as it relates to "warranty implementation." As we understand the issue presented, it is that appellees contend that McNatt Motor Company is an agent of GMC each time the purchaser of a General Motors automobile takes it in to a General Motors dealership to have work performed on a vehicle covered by GMC's warranty ("warranty implementation").

The only evidence introduced concerning GMC's relationship to McNatt Motor Company was the dealership agreement. It provides that the dealer is an independent operating entity responsible for the acts or omissions of its agents or employees.

Appellees offered no proof of any facts of the relationship between GMC and McNatt Motor Company pertinent to agency. The province of the trier of facts is to determine only whether or not certain facts exist. It then becomes the duty of the court, if such facts do exist, to determine if they are legally sufficient to constitute the alleged agency. *Minneapolis-Moline Company v. Purser*, 361 S.W.2d 239, 241 (Tex. Civ.App. Dallas 1962, writ ref'd n. r. e.). The facts and circumstances surrounding the relationship existing between GMC and McNatt were developed by Appellant GMC only to the extent of the sales and service agreement between the two parties. Appellees introduced no evidence of the relationship between McNatt and GMC. We therefore conclude that appellees failed to prove an agency relationship between McNatt and GMC. *General Motors Corporation v. Ewing*, 300 S.W.2d 714, 718 (Tex. Civ.App. Waco 1957, no writ); *Pierce v. Ford Motor Company*, 401 S.W.2d 355 (Tex. Civ.App. Eastland 1966, writ dism'd); *General Motors Corporation v. Washington*, 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964).

The judgment of the trial court is reversed and judgment is here rendered that the cause be transferred to one of the district courts of Dallas County, pursuant to Rule 89, Tex.R.Civ.P.

Reversed and rendered.