Rene GABALDON, Maria Gabaldon, Individually and as Next Friend of Rene Gabaldon, Jr., Amy Gabaldon and Aracely Gabaldon, Appellants,

v.

GENERAL MOTORS CORPORATION, Appellee.

No. 08–93–00033–CV.

Court of Appeals of Texas, El Paso.

Nov. 24, 1993.

Steve Hershberger, Midland, and Tony Chavez, Chavez & Garcia, Odessa, for appellants.

Brad Crawford and Cecil Kuhne, Crenshaw, Dupree & Milam, Lubbock, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a take-nothing summary judgment which denied recovery to a party convicted of the offense of structuring a currency transaction to evade reporting requirements who alleged a duty upon the part of an automobile manufacturer to instruct and advise its dealership of the currency reporting law and enforce compliance with such law. We affirm.

### Facts

Rene Gabaldon purchased a 1990 Suburban from Jones Pontiac–G.M.C., Inc. in Odessa, Texas with the payment of three cashier's checks for $9,500 each and one cashier's check for $5,000. It was alleged that a salesman advised and assisted in this purchase arrangement in order to avoid the currency transaction forms required by federal statute. Subsequently, the Appellant, Rene Gabaldon, was indicted and convicted for violations of 31 U.S.C. § 5324 and 18 U.S.C. § 371. Generally, it was alleged that General Motors Corporation was negligent in failing to instruct and advise its dealership of the currency reporting laws and in failing to train and supervise the dealership and its employees in complying with the currency reporting laws. There were also allegations of violations of the Texas Deceptive Trade Practices–Consumer Protection Act. Following a hearing on the motion, the trial court granted summary judgment for General Motors Corporation and severed the case as to the other parties.

### Issues Presented

The Appellants in three points of error assert that the trial court erred in granting summary judgment and contend in a final point of error that the court erred in acting on the motion when there was a need to take additional depositions.

### Negligence of G.M.C.

The common law doctrine of negligence consists of three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Greater Houston Transportation Co. v. Phillips*, 801 S.W.2d 523 (Tex.1990). The threshold inquiry in a negligence case is duty. *El Chico Corporation v. Poole*, 732 S.W.2d 306 (Tex. 1987). The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Otis Engineering Corporation v. Clark*, 668 S.W.2d 307 (Tex.1983).

### Standard of Review

In reviewing an appeal from the granting of a summary judgment, this Court applies the rules set forth in *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970); and *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965).

For the defendant-movant to prevail on a summary judgment, it must either conclusively disprove at least one element of the plaintiff's theory of recovery, or establish

each element of an affirmative defense. *Gibbs v. General Motors Corporation; Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex. 1984); *Menchaca v. Menchaca,* 679 S.W.2d 176 (Tex.App.—El Paso 1984, no writ).

### Analysis

■ In this case, General Motors did not owe a duty to either Jones Pontiac or its employees or to the Appellants to advise, instruct, or train any of them concerning the Federal Currency Reporting Laws. With regard to a duty to instruct another not to violate the law, Justice Gonzalez in a footnote in *Greater Houston Transportation Co. v. Phillips* said:

> There is no such duty in Texas. In Texas, the law recognizes that there is no duty to inform others of the requirements of the law because all persons are presumed to know the law.

*Greater Houston Transportation Co. v. Phillips,* 801 S.W.2d at 525 n. 3.

Very appropriate to the issue in this case is the quote in the footnote from the opinion in *Kasch v. Anton,* 81 S.W.2d 1097, 1100 (Tex.Civ.App.—Austin 1935, no writ) as follows:

> However violent the presumption may be that every man knows the law, it nevertheless conclusively prevails.... [I]t would be a strange doctrine of negligence to hold that [a defendant] was negligent in failing to tell [an employee] something that he is in law conclusively presumed to know. No more duty rested upon [the employer] to inform [the employee of all of the provisions of the penal code]. The master is liable for the negligent acts of the servant done within the scope of his employment and in furtherance of the master's business; but certainly negligence of the master cannot be predicated upon his failure to instruct his servant in the law of the land.

801 S.W.2d at 525 n. 3.

■ Further, a dealer is not per se an agent of the manufacturer and nature of their relationship is determined by the terms of the dealership agreement. *General Motors Corporation v. Washington,* 559 S.W.2d 425 (Tex.Civ.App.—Texarkana 1977, no writ).

In this instance, the Dealer Sales and Service Agreement provides:

> This Agreement does not make either party the agent or legal representative of the other for any purpose whatsoever, nor does it grant either party any authority to assume or to create any obligation on behalf of or in the name of the other.

While we recognize that there was no duty owed by General Motors to either its dealers or the customers of those dealers to advise or instruct them as to compliance with the Federal Currency Reporting Laws, no breach of duty by the dealership to its customers could be imputed to the manufacturer in this case. If the dealer was guilty of any deceptive acts or practices, General Motors would not be responsible for damages resulting from those acts where the dealer and its employees were not agents of General Motors. Points of Error Nos. One, Two, and Three are overruled.

### Continuance

The last complaint asserts error in denying Appellants' Motion to Defer Ruling on the Motion for Summary Judgment. It is contended that the record has not been fully developed. We conclude that the pleading of negligence in failing to instruct and advise of the currency reporting laws does not state a cause of action since there was no duty upon General Motors. We recognize that summary judgment may not be used as a basis to attack pleading defects. *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex. 1974). In this case, the motion was based upon a lack of duty and no pleading amendment would have created a duty where none existed.

■ An appellant may not complain that he was forced to go to trial before he was ready when he did not move for a continuance in the case. And this rule applies to summary judgment hearings. *Rylee v. McMorrough,* 616 S.W.2d 649 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ dism'd). Granting a request for a continuance is within the trial court's discretion and its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Villegas v. Carter,* 711 S.W.2d 624 (Tex.1986).

The Motion to Defer Ruling filed in this case did not suggest to the trial court the identity of any witness to be deposed, the issues to be covered in the depositions, or that any notice had been given or request had been made concerning additional discovery. The Response to Motion for Summary Judgment did not reflect any need for additional discovery or what might be expected to be developed as evidence with additional depositions. The record before this Court reflects no basis for determining that the trial court abused its discretion. Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.