**TRIAD HOME RENOVATORS, INC., Appellant,**

v.

**William M. DICKEY, Appellee.**

No. 14–98–00679–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 3, 2000.

Lana R. Dieringer, Houston, for appellant.

Sanford Lawrence Dow, Houston, for appellee.

Panel consists of Justices SEARS, DRAUGHN, and EVANS.*

## OPINION

FRANK G. EVANS, Justice (Assigned).

Triad Home Renovators, Inc. (Triad) appeals from a summary judgment in favor of appellee (Dickey) declaring the invalidity of appellant's mechanic's lien affidavit, removing the cloud on Dickey's title created by the invalid lien, denying appellant's claims for quantum meruit, unjust enrichment, and declaratory relief, and awarding appellee reasonable attorney's fees. In one issue, appellant contends summary judgment was improper because a fact issue remained as to the existence of an agency relationship between Dickey, as lessor, and Platter, Inc., the lessee of Dickey's property. In essence, Triad contends that Dickey, as lessor-owner of the property leased, should be held responsible for improvements made to the property by Triad. We overrule this contention and affirm the trial court's summary judgment.

## The Lease and Related Facts

The summary judgment evidence shows that Dickey and Platter, Inc. entered into a commercial lease dated July 22, 1996, which permitted Platter, Inc. to operate a restaurant on property owned by Dickey. Platter's president, Italia Cantania Platter, along with another person, Mark C. Peterson, signed a guaranty agreement to assure the lessee's full performance of the lease. The lease provided in pertinent part:

> The relation created by this Lease is that of Landlord and Tenant. Neither the provisions for Percentage Rent nor any other provision of this Lease shall be construed in such a way as to constitute Landlord and Tenant joint venturers or co-partners or to make Tenant the agent of Landlord or to make Landlord liable for the debts of Tenant.

Subsequent to the performance of that work, Platter, Inc. filed for Chapter 11 protection in the Houston Bankruptcy Court. A few days after that filing, Triad's president Jim Rutherford filed a mechanic's lien affidavit claiming a mechanic's lien for the improvement work against the fee interest of Dickey to secure payment of $347,000. The mechanic's lien affidavit was executed by Rutherford in his individual capacity and not as a representative of Triad.

## The Litigation

Dickey sued Italia Platter and Peterson on the guaranty agreement, seeking to recover past due rent and other charges. The lease was subsequently released from the automatic stay of the bankruptcy court, and Triad intervened in the proceeding to assert its claimed security interest in the property. Dickey then amended his claim to seek declaratory relief against Triad and Rutherford declaring the lien invalid and removing the cloud on Dickey's title. Triad then amended its petition in intervention to assert claims of quantum meruit and unjust enrichment, as well as to claim that Dickey had an agency relationship with Platter, Inc.

Dickey's motion for summary judgment was on the grounds: (1) that there was no genuine issue of material fact, and that Dickey was entitled to judgment as a matter of law under Tex.R.Civ.P. 166a(c), and (2) that there was no evidence that Dickey was the undisclosed principal of the lessee or that the lessee was the agent of Dickey or had authority to act on his behalf, so that summary judgment was proper under Tex.R.Civ.P. 166a(i). Triad responded that: (1) the summary judgment was premature because there was insufficient time to take discovery; (2) the "no-evidence" motion was improper because there was insufficient time for discovery; (3) the lease established a principal/agent relationship between Dickey and Platter, Inc., and Italia Platter; (4) Triad was not told

---

* Senior Justices Ross Sears, Joe L. Draughn, and Frank G. Evans sitting by assignment.

Dickey was a principal on the project; (5) the mechanic's lien was valid because Dickey was principal; (6) Triad was entitled to quantum meruit because Dickey benefitted from the improvements; and Dickey's argument that Triad cannot recover for unjust enrichment draws a factual conclusion that precludes summary judgment.

## Standard of Review

To be entitled to a summary judgment, a defendant must disprove at least one of the essential elements of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). To meet this burden, the defendant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In determining whether a material fact exists precluding summary judgment, the evidence favoring the nonmovant must be taken as true and all reasonable inferences are indulged in favor of the nonmovant. *Id.; see also Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S .W.2d 472, 477 (Tex.1995).

## The Agency Claim

Triad first contends the trial court erred in granting the summary judgment because there is evidence raising a genuine issue of material fact regarding an agency relationship between Dickey and his lessee Platter, Inc.

Triad argues that the terms of the lease agreement create a fact issue regarding Dickey's relationship with Triad. In essence, Triad claims that certain provisions in the lease so diminish its control over the premises as to show Dickey's paramount managerial control over the leased premises. Although Triad cites several paragraphs in the lease to demonstrate this point, we find nothing in the cited paragraphs to support its claim. Indeed, these kinds of paragraphs are customarily found in many lease contracts, and their purpose is simply to protect the landlord's rights as lessor of the premises. Triad fails to explain how any of these paragraphs justify disregarding the landlord/tenant relationship, and we overrule this argument. *See* TEX.R.APP.P. 38.1(h); *Rauscher Pierce Refsnes, Inc. v. Great Southwest Sav., F.A.,* 923 S.W.2d 112, 117 (Tex.App.—Houston(14th Dist.) 1996, no writ); *Richard v. Cornerstone Constructors, Inc.,* 921 S.W.2d 465, 469 (Tex.App.—Houston(1st Dist.) 1996, writ denied).

As summary judgment evidence, Dickey attached his affidavit denying the existence of any agency relationship between himself and Platter, Inc. and Italia Platter. In this affidavit Dickey stated that he did not hire either Triad or Rutherford to do any construction work on the premises, nor was he a party to any contract between Triad/Rutherford and Platter, Inc., relating to the construction work. He further stated that he had never represented to anyone or held out to anyone that Platter, Inc., Italia Platter, or Peterson were his agents or were authorized to bind him in any manner. He further stated that he had never permitted Platter, Inc., Italia Platter, or Peterson to hold themselves out as having authority to act on his behalf.

In response, Rutherford attached his own affidavit in which he stated:

> It is my understanding that the corporation and/or Italia Platter acted as an agent of Dickey, or that Dicky [sic] was an undisclosed principal. When my company contracted with Platter and Platter, Inc., I was not informed that William Dickey was, in actuality, the principal of the project.

Rutherford's response was insufficient to raise a material issue of fact about the agency issue. His first sentence was merely a conclusory statement, expressing his subjective belief about the relationship between Dickey and Platter, Inc., and the guarantor, Italia Platter. *See Texas Division—Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994); *Brownlee v.*

*Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Hidalgo v. Surety Sav. & Loan Ass'n,* 487 S.W.2d 702, 703 (Tex.1972). His second sentence is also conclusory and fails to state any basis for the assumed fact that Dickey was "in actuality, the principal of the project." *See Radio Station KSCS v. Jennings,* 750 S.W.2d 760, 762 (Tex.1988); *Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984). Triad offered no evidence, either direct or circumstantial, that would call into question Dickey's firm denial of an agency relationship.

Triad cites *Rosen v. Peck,* 445 S.W.2d 241 (Tex.Civ.App.—Waco 1969, no writ) as authority for the proposition that Dickey is liable under its lease contract with Platter, Inc. for the latter's debts regarding the improvement of the leased property. However, the facts in that case are distinguishable from those in the case at bar. In *Rosen,* the lessee Bol–Con defaulted in its rent payments to its lessor Rosen, and also failed to pay a third-party (Peck) for repair and improvements Peck had made to the air-conditioning system. Based on the trial court's findings regarding the extent of managerial control exercised by the lessor Rosen over the leased property, the court of appeals held that the lessor Rosen was responsible to Peck for the cost of the air-conditioning repairs and improvements. Summarizing the trial court's findings, the court of appeals noted that the lessor Rosen knew its tenant Bol Con was financially irresponsible, and that the only income was that produced from rents received from subtenants of Bol–Con. The trial court found that Rosen completely controlled the collection and disbursement of that rent, effectively controlled the lease contracts with the subtenants, and directed Bol–Con's activities on the leased premises. In effect, the trial court found that Bol–Con's relationship with its lessor Rosen was, for all practical purposes, that of a manager-caretaker of the leased premises. In that role, Bol–Con was authorized and required to make all necessary repairs and improvements to keep the properties properly maintained. Thus, the court concluded that Bol–Con was "nothing more than a local management agent furnishing services to appellants for compensation, under the domination of appellants (Rosen), without any real, substantial control over the use of the properties." *Rosen,* 445 S.W.2d at 246.

■ We find the facts in this case to be factually dissimilar to those in *Rosen.* Here, there is no evidentiary showing that Dickey had any involvement in or control over the transaction between Triad and Platter, Inc. Indeed, the uncontroverted affidavit statements of Dickey show that he was not a party to the construction contract, and that he did not hire Triad or Rutherford to do any construction work on the premises. Dickey also denied that he had ever represented to anyone or held out to anyone that Platter, Inc., Italia Platter, or Peterson were his agents or were authorized to bind him in any manner. He further stated that he had never permitted Platter, Inc., Italia Platter, or Peterson to hold themselves out as having authority to act on his behalf. Dickey's sworn denials and statements have not been controverted by any competent summary judgment evidence. Accordingly, the trial court properly concluded that Dickey's summary judgment proof established the absence of any material issue of fact, and that Dickey was entitled to judgment as a matter of law.

### Adequate Opportunity for Discovery

In Triad's reply brief, it asserts for the first time that it could not prove an agency relationship existed because no adequate discovery was allowed in the case and therefore it could not develop additional facts outside the lease provisions.

■ When a party contends it has not had adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See* TEX.R.CIV.P. 166a(g), 251, 252; *Tenneco, Inc. v. Enter-*

*prise Products Co.,* 925 S.W.2d 640, 647 (Tex.1996); *Gabaldon v. General Motors Corp.,* 876 S.W.2d 367, 369 (Tex.App.—El Paso1993, no writ); *Watson v. Godwin,* 425 S.W.2d 424, 430 (Tex.Civ.App.—Amarillo 1968, writ ref. n.r.e.). The summary judgment record does not reflect that Triad took either of these steps. The contention is overruled.

### Quantum Meruit, Unjust Enrichment and Attorneys Fees

In its original brief, Triad raised only the issue relating to the claimed agency relationship, and it did not complain about the trial court's judgment denying its claims of quantum meruit and unjust enrichment or the trial court's award of attorney's fees to Dickey. In its reply brief, Triad argues, in effect, that its quantum merit claim is valid and that the trial court erred in awarding attorney's fees to Dickey, but it furnishes no argument or authorities in support of these contentions. Under this state of the record, we will not consider these matters on appeal. *See* Tex.R.App.P. 38.1(e); *Trinity Univ. Ins. Co. v. Fidelity & Casualty Co.,* 837 S.W.2d 202, 205 (Tex.App.—Dallas 1992, no writ).

The trial court's summary judgment is affirmed.