Affirmed as Modified and Memorandum Majority Opinion and Memorandum
Concurring Opinion filed August 26, 2008








 

Affirmed
as Modified and Memorandum Majority Opinion and Memorandum Concurring Opinion
filed August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00491-CV

____________

 

SAMUEL MAYO, Appellant

 

V.

 

SUEMAUR EXPLORATION &
PRODUCTION LLC and WILFRED L. PELTIER, Appellees

 



 

On Appeal from the County
Court at Law No. 4

Brazoria County, Texas

Trial Court Cause No. CI036971

 



 

M E M O R A N D U M   M A J O R I T Y  O P I N I O N

This is an appeal from the granting of two summary
judgments in favor of appellees, Suemaur Exploration & Production LLC (ASuemaur@) and Wilfred L.
Peltier.  In seven issues, pro se appellant, Samuel Mayo, argues
the trial court erred in granting the two summary judgments.  We affirm as
modified.








actual and Procedural Background

On October 12, 2004, appellant was driving down
farm-to-market road 2004 when he collided with a bovine animal.  The collision
caused damage to appellant=s car.  Additionally, appellant and his
wife were taken to the hospital for an evaluation; however, the hospital found
no injuries and released them both.  Exactly two years later, on October 12,
2006, appellant filed suit against appellees[1]
for negligently allowing cattle to escape and wander onto the road. 

In April 2007, both appellees filed hybrid traditional and
no-evidence motions for summary judgment.  In Peltier=s motion for
summary judgment, he argued appellant=s deemed
admissions precluded his suit,[2]
appellant=s negligence claim failed as a matter of law because
Peltier had no legal duty to keep his cattle off a farm-to-market road,
appellant could not recover the damages he sought as a matter of law, and there
was no evidence Peltier breached a duty or that appellant incurred damages.  In
Suemaur=s motion for
summary judgment, it argued appellant could not recover the damages he sought
as a matter of law, and there was no evidence of duty, breach, causation, or
damages.  Appellant timely filed his response to Peltier=s motion for
summary judgment on April 23, 2007; however, appellant did not file his
response to Suemaur=s motion for summary judgment until May 9,
2007, one day before the summary judgment hearing.








Ultimately, the trial court granted Peltier=s and Suemaur=s motions for summary
judgment without stating the grounds, and rendered judgment appellant take
nothing.  This appeal followed.

Discussion

In seven issues, appellant argues the trial court erred in
granting appellees= motions for summary judgment.  Appellant
argues the trial court erred because (1) the summary judgment was based on the
court=s own initiative
instead of the parties= motions; (2) the summary judgment was
based on grounds not presented in the motions; (3) the trial court did not give
appellant adequate time for discovery; (4) the trial court did not give
appellant an opportunity to cure any defects in his responses; (5) appellant=s evidence was
proper; and (6) appellees failed to meet their burden of proof.  

A.      Standard
of Review








In a traditional motion for summary judgment, the movant
has the burden to show there is no genuine issue of material fact and it is
entitled to judgment as a matter of law.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  In determining whether there is a genuine
fact issue precluding summary judgment, evidence favorable to the nonmovant is
taken as true and the reviewing court makes all reasonable inferences and
resolves all doubts in the nonmovant's favor.  Id. at 548B49.  In addition,
when reviewing a summary judgment, we cannot read between the lines, infer, or
glean from the pleadings or proof any grounds for summary judgment other than
those expressly set forth before the trial court in the motion itself.  Johnson
v. Felts, 140 S.W.3d 702, 706 (Tex. App.CHouston [14th
Dist.] 2004, pet. denied).  A defendant who conclusively negates at least one
of the essential elements of a plaintiff's cause of action is entitled to
summary judgment on that claim.  IHS Cedars Treatment Ctr. of DeSoto, Tex.,
Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).  Only when the defendant
establishes his right to summary judgment does the burden shift to the
plaintiff to come forward with competent, controverting evidence raising a
genuine issue of material fact.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex. 1995).          In a no-evidence motion for summary judgment, the movant must
specifically state the elements as to which there is no evidence.  Walker v.
Thomasson Lumber Co., 203 S.W.3d 470, 473B74 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  The trial court must grant the motion unless the
nonmovant produces summary judgment
evidence raising a genuine issue of material fact.  Tex. R. Civ. P. 166a(i). 
However, the nonmovant is A>not required to
marshal its proof; its response need only point out evidence that raises a fact
issue on the challenged elements.=@ Hamilton v.
Wilson, 249 S.W.3d 425, 426 (Tex. 2008) (quoting Tex. R. Civ. P. 166a cmt.
(Vernon 1997)).








A no-evidence summary judgment is essentially a pretrial directed verdict, and we
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict.  Mathis v. Restoration Builders, Inc., 231
S.W.3d 47, 50 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  We
review the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  City of Keller v. Wilson, 168 S.W.3d 802, 824 (Tex. 2005).  We
sustain a no-evidence summary judgment
if (1) there is a complete absence of proof of a vital fact, (2) rules of law
or evidence bar the court from giving weight to the only evidence offered to
prove a vital fact, (3) the evidence offered to prove a vital fact is no more
than a scintilla, or (4) the evidence conclusively establishes the opposite of
a vital fact.  Walker, 203 S.W.3d at 474.  Less than a scintilla of
evidence exists when the evidence offered to prove a vital fact is so weak so
as to do no more than create a mere surmise or suspicion of its existence and,
in legal effect, is no evidence.  Ford Motor Co. v. Ridgway, 135 S.W.3d
598, 601 (Tex. 2004).  More than a scintilla of evidence exists when the
evidence rises to a level that would enable reasonable and fair-minded people
to differ in their conclusions as to the existence of the vital fact.  Id.

We review a trial court's summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When a
party moves for summary judgment on both traditional and no-evidence grounds
and the trial court does not specify which it granted, we can uphold the
summary judgment on either ground.  See Taylor v. Carley, 158 S.W.3d 1,
8 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).  

B.      Did the
Trial Court Issue the Summary Judgments on its Own Initiative?

In his first issue, appellant cites Daniels v. Daniels
and argues summary judgment was improper because the trial court did not have
the authority to grant summary judgment on its own initiative.  45 S.W.3d 278,
282 (Tex. App.CCorpus Christi 2001, no pet.) (holding a trial court
may not grant a motion for summary judgment in a case where no motion for summary
judgment was ever filed).  In this case, however, the trial court did not grant
the motions for summary judgment on its own initiative.  Both Peltier and
Suemaur properly filed motions for summary judgment, which the court granted.  

Within this same issue, appellant also argues summary
judgment was improper because the trial court erred in dismissing the case with
prejudice.  The relevant portion of Peltier=s judgment
provides: 

On this date, the Court considered Defendant=s Traditional and No-Evidence
Motion for Summary Judgment, the responses thereto, and all arguments of the
parties and is of the opinion that it should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff=s claims against Defendant Wilfred
L. Peltier are hereby DISMISSED WITH PREJUDICE.  

The relevant portion of Suemaur=s judgment provides:

The Court, having considered said Motion and
arguments of counsel, is of the opinion that said Motion is good and shall be
GRANTED.  It is therefore,








ORDERED, ADJUDGED and DECREED, that the Defendant=s No-Evidence Motion for Summary
Judgment is GRANTED.

. . . . 

ORDERED, ADJUDGED, and DECREED that this cause of
action is hereby dismissed with prejudice as to Defendant SUEMAUR EXPLORATION
& PRODUCTION LLC, with each party bearing its own costs of court and
expenses.  

Appellant cites Martinez v. Southern Pacific
Transportation Co. to support his contention the trial court should dispose
of a party=s summary judgment claim on the merits, not by
dismissal.  951 S.W.2d 824, 830 (Tex. App.CSan Antonio 1997,
no writ).  However, appellant fails to recognize the ultimate holding in Martinez. 
While the Martinez court stated the trial court should not have ordered
the dismissal, it determined the judgment should merely be Amodified to delete
the order of dismissal with prejudice@ and affirmed the
trial court=s judgment as modified.  Id.  The judgment in
the instant case is similar to that in Martinez.  We agree with the
reasoning in Martinez and hold the judgments in this case should be
modified to delete the dismissal language.  See id.; P&S Corp. v.
Park, No. 14-05-00115-CV, 2006 WL 1168804, at *4 (Tex. App.CHouston [14th
Dist.] May 4, 2006, no pet.) (mem. op., not designated for publication)
(agreeing with the reasoning in Martinez and holding the judgment should
be modified to delete the dismissal language).  Accordingly, we overrule
appellant=s first issue subject to the specified
modifications.    

C.      Did the
Trial Court Grant the Summary Judgments on Grounds not Presented in the
Motions?








In his second issue, appellant argues summary judgment was
improper because the trial court granted appellees= summary judgments
on grounds not presented in the motions.  Appellant states the trial court did
not have any grounds to grant the summary judgments based on a lack of evidence
of damages because appellant provided a plethora of evidence proving damages. 
However, appellant fails to recognize both Peltier and Suemaur included several
different possible grounds for summary judgment in their motions.  In Peltier=s motion for
summary judgment, he argued appellant=s negligence claim
failed as a matter of law because Peltier had no legal duty to keep his cattle
off a farm-to-market road, appellant could not recover the damages he sought as
a matter of law, and there was no evidence Peltier breached a duty or that
appellant incurred damages.  In Suemaur=s motion for
summary judgment, it argued appellant could not recover the damages he sought
as a matter of law, and there was no evidence of duty, breach, causation, or
damages.  As discussed in section F below, the trial court properly granted the
summary judgments based on at least one of the grounds asserted in both Peltier=s and Suemaur=s motions for
summary judgment; therefore, appellant=s argument fails. 
We overrule appellant=s second issue.

D.      Did the
Trial Court Give Appellant Adequate Time for Discovery?

In his third issue, appellant argues summary judgment was
improper because appellant was not allowed an adequate time for discovery.  Appellant
asserts this argument for the first time on appeal.  When a party contends it
has not had an adequate opportunity for discovery before a summary judgment
hearing, it must file either an affidavit explaining the need for further
discovery or a verified motion for continuance.  Tenneco, Inc. v. Enter.
Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996); Triad Home Renovators, Inc.
v. Dickey, 15 S.W.3d 142, 145 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  The summary judgment record does not reflect appellant
took either of these steps; thus, appellant waived this argument.  We overrule
appellant=s third issue.

E.      Did the
Trial Court Err in Not Allowing Appellant an Opportunity to Cure Any Defects in
Appellant=s Summary Judgment Responses? 








In his fourth issue, appellant argues summary judgment was
improper because the trial court should have given appellant an opportunity to
amend his responses.  First, appellant argues that before a trial court can
grant a Ano cause of action@ summary judgment,
the trial court must give the parties an adequate opportunity to plead a viable
cause of action.  See Friesenhahn v. Ryan, 960 S.W.2d 656, 659 (Tex.
1998).  While appellant correctly states the law, appellant=s original
petition sufficiently stated a cause of action, and the trial court did not
grant no-cause-of-action summary judgments.  Instead, the trial court granted
appellees= motions for summary judgment based on negligence,
which was the cause of action appellant pleaded.

Appellant also argues he should have been allowed an
opportunity to amend or correct his summary judgment responses pursuant to
Texas Rule of Civil Procedure 166a(f), which provides A[d]efects in the
form of affidavits or attachments will not be grounds for reversal unless
specifically pointed out by objection by an opposing
party with opportunity, but refusal, to amend.@  Tex. R. Civ. P.
166a(f).  Appellant, however, failed to preserve this issue for our review. 
When a summary judgment movant objects to summary judgment
evidence proffered by the nonmovant,
the burden lies upon the nonmovant to request relief
under rule 166a(f), including a continuance or the opportunity
to cure any formal defects in the nonmovant's summary judgment evidence. 
Coleman v. Woolf, 129 S.W.3d 744, 750 (Tex. App.CFort Worth 2004,
no pet.).  The record in this case reflects appellant neither requested an opportunity to cure the alleged defects nor moved for a
continuance.  By not taking any action in the trial court to indicate his
desire to correct the alleged defects in his summary judgment evidence,
appellant failed to preserve this issue for our review.  See id.;
Flanagan v. Martin, 880 S.W.2d 863, 866 (Tex. App.CWaco 1994, writ
dism'd w.o.j.).  Even though appellant is a pro se litigant, he must
still comply with the applicable procedural rules.  Sedillo v. Campbell,
5 S.W.3d 824, 829 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  Appellant is held to the same standards that apply to
licensed attorneys.  Id.  To allow different treatment for pro se
litigants would provide them with an unfair advantage
over litigants represented by counsel. See Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978).  We overrule appellant=s fourth issue. 

F.       Did the
Trial Court Properly Grant the Motions for Summary Judgment ?

In his fifth, sixth, and seventh issues, appellant argues
appellees failed to meet their 








burden
of proof and appellant presented sufficient evidence to avoid summary judgment.[3] 
We construe appellant=s last three issues as a challenge to
whether there was sufficient evidence to grant appellees= motions for
summary judgment.  Appellees both moved for summary judgment on traditional and
no-evidence grounds.  The trial court=s order granting
Suemaur=s summary judgment
specifically states it granted Suemaur=s no-evidence
motion for summary judgment; however, the trial court=s order granting
Peltier=s summary judgment
does not specify which one the trial court granted.  Thus, we will first review
both motions for summary judgment on a no-evidence basis, and if necessary,
address Peltier=s motion for summary judgment on a
traditional basis as well.  See Taylor, 158 S.W.3d at 8 (stating when a
party moves for summary judgment on both traditional and no-evidence grounds
and the trial court does not specify which it granted, the appellate court can
uphold the summary judgment on either ground).

In a no-evidence motion for summary judgment, if the movant=s motion
specifically states the elements as to which there is no evidence, the burden
of proof is on the nonmovant to produce competent summary judgment evidence
raising a genuine issue of material fact on the challenged elements.  See Tex.
R. Civ. P. 166a(i); Walker, 203 S.W.3d at 473B74.  If the
nonmovant fails to produce proper evidence raising a genuine issue of material
fact, the court must grant the motion for summary judgment.  Tex. R. Civ. P.
166a(i).








A negligence cause
of action requires proof of (1) a legal duty owed by one person to another, (2)
a breach of that duty, and (3) damages proximately caused by the breach.  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).  In Peltier=s no-evidence
motion for summary judgment, he argued there was no evidence that he breached a
duty or that appellant incurred damages.  In Suemaur=s no-evidence
motion for summary judgment,  it argued there was no evidence of duty, breach,
causation, or damages.  Thus, the burden shifted to appellant to respond to
Peltier=s motion for
summary judgment by demonstrating that more than a scintilla of evidence
existed to raise a genuine issue of material fact as to the elements of breach
and damages.  See Tex. R. Civ. P. 166a(i).  In addition, the burden
shifted to appellant to respond to Suemaur=s motion for
summary judgment by demonstrating that more than a scintilla of evidence
existed to raise a genuine issue of material fact as to all four elements of
negligence.  See id.  








Appellant filed a
response to both Peltier=s motion and Suemaur=s motion; however,
appellant attached only unauthenticated exhibits to both responses. 
Unauthenticated or unsworn documents, or documents not supported by any
affidavit, are not entitled to consideration as summary judgment evidence.  Medford
v. Medford, 68 S.W.3d 242, 247 (Tex. App.CFort Worth 2002,
rule 53.7(f) motion granted); Llopa, Inc. v. Nagel, 956 S.W.2d 82, 87
(Tex. App.CSan Antonio 1997, writ denied).  Because none of the
documents attached to appellant=s responses were authenticated, appellant
did not properly present any evidence for consideration.[4] 
See Blanche v. First Nationwide Mortgage Corp., 74 S.W.3d 444, 451 (Tex.
App.CDallas 2002, no
pet.) (holding a complete absence of authentication is a defect of substance
that is not waived by a party=s failure to object and may be urged for
the first time on appeal, and distinguishing a complete absence of
authentication from a situation in which a party attempts to authenticate but
does so improperly, which is a defect of form); see also Gudur v. Tex. Dep=t of Health, No.
03-03-00752-CV, 2005 WL 2673670, at *5 (Tex. App.CAustin Oct. 21,
2005, no pet.) (mem. op., not designated for publication) (citing Blanche
and holding appellant failed to submit competent summary judgment evidence
because he failed to authenticate his documents in any way, which was a defect
in substance); Gillespie v. Wells Fargo Bank Minn., N.A., No.
01-03-00742-CV, 2004 WL 2966328, at * 2 (Tex. App.CHouston [1st
Dist.] Dec. 23, 2004, rule 53.7(f) motion denied) (mem. op., not designated for
publication) (citing Blanche for the proposition that a complete absence
of authentication was a defect in substance; thus, appellant failed to present
any evidence for consideration); Medford, 68 S.W.3d at 246 (holding a
defect in substance cannot be waived by failing to object or obtain a written
order, and the absence of proper authentication constitutes a substantive
defect).  In response, appellant argues his evidence was sufficient because he
was not required to file verified responses.  While appellant=s statement is
correct, he fails to understand the distinction between verification and
authentication.  Appellant was not required to verify his responses, but he was
required to authenticate the evidence he attached to his responses.  See
Medford, 68 S.W.3d at 247; Llopa, Inc., 956 S.W.2d at 87. 
Furthermore, the statements appearing in appellant=s responses to the
motions for summary judgment were not competent summary judgment proof.  See
Hidalgo v. Sur. Savs. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex. 1971) (A[W]e are convinced
that orderly judicial administration will be better served in the long run if
we refuse to regard pleadings, even if sworn, as summary judgment evidence.@); Nicholson v.
Mem=l Hosp. Sys., 722 S.W.2d 746,
749 (Tex. App.CHouston [14th Dist.] 1986, writ ref=d n.r.e.) (APleadings do not
constitute summary judgment evidence.@).  

Accordingly, the
trial court did not err in granting Peltier=s and Suemaur=s no-evidence
motions for summary judgment because appellant failed to present any evidence
that created a genuine issue of material fact.  See Tex. R. Civ. P.
166a(i).  Because we find the trial court properly granted both Peltier=s and Suemaur=s no-evidence
motions for summary judgment, we need not examine Peltier=s traditional
motion for summary judgment.  See Taylor, 158 S.W.3d at 8.  We overrule
appellant=s fifth, sixth, and seventh issues.

 

 








Conclusion

Having overruled
all of appellant=s issues, we hold the trial court did not
err in granting both Peltier=s and Suemaur=s motions for
summary judgment.  However, we hold both judgments improperly include language
dismissing appellant=s cause of action.  Therefore, we modify
both judgments to delete the dismissal language and affirm the judgments as
modified.

 

 

 

/s/      John S. Anderson

Justice

 

Judgment rendered
and Memorandum Majority Opinion and Memorandum Concurring Opinion filed August
26, 2008.

Panel consists of
Justices Yates, Anderson, and Brown. (J., Brown files concurring.)









[1]  Peltier owned the cow appellant struck.  Suemaur was
conducting exploration operations on the property from which the cow escaped.





[2]  In his motion for summary judgment, Peltier argued
appellant failed to respond to a request for admissions.  Peltier claimed
appellant=s failure to respond resulted in appellant=s deemed admission that Peltier was not negligent. 
Thus, according to Peltier, summary judgment was appropriate.  However, during
the summary judgment hearing, Peltier=s
counsel informed the trial court he had received appellant=s response after Peltier filed his motion for summary
judgment.  Peltier=s counsel agreed he would not pursue the deemed
admissions argument.  





[3]  Appellant argues in his brief he asserted an
affirmative defense.  After examining the record, we find appellant never
properly raised an affirmative defense.  In addition, appellant attempts to
argue Peltier=s counsel committed fraud by stating in Peltier=s motion for summary judgment that appellant failed to
respond to a request for admissions.  Appellant argues this was fraud because
appellant did in fact respond.  However, appellant failed to argue his
allegations of fraud during the summary  judgment hearing or in a post-hearing
motion.  Additionally, Peltier=s counsel
informed the trial court he received appellant=s response after Peltier filed his motion for summary judgment, and
Peltier=s counsel stated he would not pursue his deemed
admissions argument any further.  Furthermore, appellant=s argument in no way affects whether the trial court
properly granted Peltier=s no-evidence motion for summary judgment.





[4]  Additionally, one of the documents appellant
attached in his response to Peltier=s
motion for summary judgment was appellant=s
responses to Peltier=s interrogatories.  However, answers to
interrogatories may be used only against the responding party.  Tex. R.
Civ. P. 197.3 (emphasis added).  We may not consider appellant=s own interrogatory responses as evidence to support
his contentions.  See Yates v. Fisher, 988 S.W.2d 730, 731 (Tex. 1998).